IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| JOHN G. ERWIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 06 C 5695 |
| LAURA HOLDEN and UNITED STATES OF AMERICA, | ) | |
| Defendants. | ) | |
| ------------------------------------------------ | ) | |
| JOHN G. ERWIN, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 06 C 5868 |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

John Erwin filed two *pro se* lawsuits that the Court later consolidated for pretrial purposes. Counsel has been appointed to represent Erwin in both cases. Both cases arise out of the same series of events. In 2002, Erwin was working for the U.S. State Department as a foreign service officer and evidently was engaged to be married to Erin Anna, who also worked for the State Department. Sometime in 2002, they broke off the relationship, and according to Erwin, Anna's superiors told her to avoid social events at which he would be present. Erwin alleges that Anna nonetheless came to such an event at Erwin's residence in May 2002, and when

she would not leave, he had her removed.  As a result, Erwin alleges, Anna falsely accused him of assaulting her or made some other similar accusation.  Erwin appears to contend that Laura Holden, with whom Erwin previously had been involved in a relationship when she was working for the Peace Corps, either supported Anna's false accusation or made a false accusation of her own (it is not clear which).  As a result of these accusations, Erwin says, the Department directed him to undergo a psychiatric examination, which was conducted by Dr. Kenneth Dekleva.  Erwin says that Dekleva falsely branded him as having committed a sexual assault.  Erwin ended up losing his job.

In Case No. 06 C 5695, Erwin sued Anna and Holden for various alleged torts.  In Case No. 06 C 5868, Erwin sued Dekleva for various alleged torts.  As indicated earlier, the Court consolidated both cases for pretrial purposes.  Pursuant to a provision of the Federal Tort Claims Act, 28 U.S.C. § 2680(h), the government was substituted as defendant in place of Anna in Case No. 06 C 5695 and Dekleva in Case No. 06 C 5868 following its certification that they were acting within the scope of their employment as federal employees when they committed the acts alleged by Erwin.  The government may eventually request to be substituted for Holden, but it says it does not know enough about Erwin's claims against her to determine whether to do so at present.

The government has moved to dismiss both cases pursuant to Federal Rule of Civil Procedure 12(b)(1), saying that the Court lacks jurisdiction over both cases.  The government's principal argument is that decisions made by other judges in earlier *pro se* suits filed by Erwin bar his claims in the two present cases.  In other words, the government asserts the doctrine of claim preclusion.

A motion to dismiss for lack of subject matter jurisdiction is the wrong type motion in which to assert that a suit is barred by claim preclusion. The Court has jurisdiction in a federal question case like this one if there is a case or controversy arising under the Constitution, laws, or treaties of the United States within the meaning of 28 U.S.C. § 1331. *See Bell v. Hood,* 327 U.S. 678, 681 (1946). In the present circumstances, a claim fails to present a federal question, and subject matter jurisdiction is lacking, only if the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such claim is wholly insubstantial or frivolous." *Id.* at 682-83.

Erwin's *pro se* complaints, construed liberally as the law requires, properly assert claims under the FTCA (or the common law, if the claim against Holden turns out not to be one on which the government can substitute as a defendant), because he alleges that the defendants defamed him, intentionally inflicted emotional distress, and committed other alleged torts against him. The claims do not appear to be so insubstantial, implausible, or utterly devoid of merit that they do not involve a case or controversy under the laws of the United States.

The government may ultimately have a winning argument that the current suits are barred by the doctrine of claim preclusion. Claim preclusion, however, is an affirmative defense. *See* Fed. R. Civ. P. 8(c). Dismissal under Rule 12(b)(1) based on an affirmative defense like claim preclusion is improper, because the defense does not address the Court's jurisdiction to hear a case. As the Seventh Circuit stated only a little over a month ago, claim preclusion "is an affirmative defense for the defendant, see Fed. R. Civ. P. 8(c), and thus cannot be raised until a motion for judgment on the pleadings under Rule 12(c) . . . ." *Forty-One News, Inc. v. County of Lake,* ___ F.3d ___, 2007 WL 1827636, *2 (7th Cir. June 27, 2007).

Nor would Rule 12(b)(6) (if the government had cited it) provide a proper basis for dismissal, for essentially the same reason. Again, preclusion is an affirmative defense, and "[c]omplaints need not anticipate or attempt to defuse potential defenses. A complaint states a claim on which relief may be granted when it narrates an intelligible grievance that, if proved, shows a legal entitlement to relief." *U.S. Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir. 2003) (citing *Gomez v. Toledo,* 446 U.S. 635 (1980), and *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002)). Erwin's complaint satisfies that generous standard.

The Court acknowledges that there are circumstances when it is appropriate for a court to raise claim preclusion on its own - for example, when screening a complaint filed *in forma pauperis* or by a prisoner, pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(2) - and thereby head off serving a defendant with summons in a case in which dismissal or summary judgement on preclusion grounds is inevitable. *See Gleash v. Yuswak,* 308 F.3d 758, 761-62 (7th Cir. 2002). But in the present cases, both this Court (in Case No. 06 C 5695) and Judge John Darrah (in Case No. 06 C 5868) granted Erwin *in forma pauperis* status and directed service of summons before there was any reason to believe that either case might be precluded. Now that the defendants have been served and have appeared via counsel (except, perhaps, for Holden, as to whom the status of service of process is unclear), there is no basis to deviate from the procedural rules that apply to all cases. The Court also declines, at least for the present, the government's request to reconsider the granting of *in forma pauperis* status.

In short, the appropriate way to consider the viability of the claim preclusion affirmative defense is by way of a motion for summary judgment. Another option would be a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), but that option is

not available at present, because the government has not answered Erwin's complaint in either case.

The government also argues that Erwin's claims, at least those originally made against Anna and Dekleva, must be dismissed because Erwin did not file administrative claims regarding his allegations against them, which is a prerequisite to suit under the FTCA. *See* 28 U.S.C. § 2675(a). Rule 12(b)(1) is, in fact, the proper way to assert this type of argument, as exhaustion of administrative remedies is a jurisdictional prerequisite to an FTCA suit. *See McNeil v. United States,* 508 U.S. 106, 113 (1993); *Celestine v. Mt. Vernon Neighborhood Health Center,* 403 F.3d 76, 2 (2d Cir. 2005); *Kanar v. United States,* 118 F.3d 527, 528 (7th Cir. 1997). In response, however, Erwin contends that neither Anna nor Dekleva was acting within the scope of government employment when they committed the alleged acts giving rise to Erwin's claims. The government's reply is, in essence, "tough luck" - it argues that once it is substituted as defendant for an individual under 28 U.S.C. § 2680(h), that is the equivalent of a finding that the individual was acting within the scope of employment by the government, and the administrative claim requirements of the FTCA apply. In the Court's view, it is not quite that simple. A plaintiff "may challenge the substitution of the United States as the sole defendant . . . by contesting the [government's] scope [of employment] certification and arguing that the employee defendant was not acting within the scope of employment at the time the tortious conduct occurred." *Taboas v. Mlynczak,* 149 F.3d 576, 578 n.1 (7th Cir. 1998) (citing *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417 (1995)). Because Erwin has now asserted such a challenge, dismissal for failing to file an administrative claim would be improper, or at least premature. The Court takes Erwin's challenge as a motion to reconsider the substitution of defendants and

5

will take up that issue at an appropriate juncture.

All of that said, the claim preclusion defense has sufficient potential merit to warrant its adjudication at an early stage of the case, before all parties are required to spend significant time and expense litigating the merits of Erwin's claims. For this reason, although the Court is denying the government's motion to dismiss, it will convert the motion to a motion for summary judgment under Federal Rule of Civil Procedure 56 and will give Erwin an opportunity to submit any evidence that he wishes the Court to consider before determining whether to grant summary judgment against him on claim preclusion grounds (on all of his claims, not just those on which the government has been substituted as defendant). The Court acknowledges that it is taking a slight liberty with Rule 12(b), which provides for conversion of 12(b)(6) motions, not 12(b)(1) motions, to motions for summary judgment, but under the present circumstances the Court believes this is an appropriate course to follow.

**Conclusion**

For the reasons stated above, the Court denies the United States' motion to dismiss for lack of subject matter jurisdiction [Case No. 06 C 5695, docket no. 22] but converts the motion to a motion for summary judgment based on the defense of claim preclusion. Plaintiff is given until August 27, 2007 to submit any further evidence and argument that he wishes to make in response to the motion for summary judgment; the United States is given until September 10, 2007 to reply to plaintiff's submission.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 6, 2007