IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN G. ERWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 CV 5695 |
| | ) | |
| LAURA HOLDEN and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| JOHN G. ERWIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06 CV 5868 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

John Erwin, a former employee of the United States Department of State ("DOS"), alleges that Laura Holden, Erin Anna, and Dr. Kenneth Dekleva each committed various torts against him. For pretrial purposes, the Court consolidated Case No. 06 C 5695, in which Erwin sued Anna and Holden, and Case No. 06 C 5868, in which Erwin sued Dekleva. The government has substituted itself as defendant for Anna in Case No. 06 C 5695 and Dekleva in Case No. 06 C 5868. The case is currently before the Court on the government's motion for

1

summary judgment, converted from an earlier motion to dismiss Erwin's complaint for lack of subject matter jurisdiction, which the Court denied.

For the following reasons, the Court grants the government's motion for summary judgment in Case No. 06 C 5868 and in Case No. 06 C 5695 as to defendant United States only. The Court denies the government's motion for summary judgment in Case No. 06 C 5695 as to defendant Holden.

## FACTS

Because the government has moved for summary judgment, the Court views the facts in the light most favorable to Erwin and draws reasonable inferences in his favor. *See DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 329 (7th Cir. 1987). These cases arise out of a series of events in 2002, when Erwin was in training in Washington, D.C. to become a Foreign Service Officer for the DOS. Soon after Erwin began his training in January 2002, he became engaged to marry Anna, a fellow trainee. Their engagement was brief and did not end amicably. Erwin alleges that in the spring of 2002, after the relationship was over, Anna's superiors directed her not to attend social events at which Erwin would be present. He further alleges that she attended a party at his home in spite of these orders and that after she refused to leave, he had to have her removed from the premises. He states that as a result, Anna initiated a complaint against him with the DOS. Erwin alleges that Anna related to the DOS that Holden had accused Erwin of sexual assault when the two were in the Peace Corps, where Erwin served from 1996 to 1998.

Soon after, DOS Diplomatic Security began an investigation of Erwin to review his top-secret clearance. Erwin alleges that the DOS investigation was based directly on the allegation

2

of sexual assault that Anna had related to her superiors. As part of the investigation, in July 2002, the DOS directed Dr. Dekleva, a DOS psychiatrist, to evaluate Erwin. Erwin subsequently lost his high-level medical clearance, and as a result, he could not receive an overseas appointment as he wished. He soon left the DOS altogether.

Erwin's claims against Dekleva stem from Dekleva's two-hour examination of Erwin and the resulting report that Dekleva produced for the DOS. In his complaint, Erwin alleges that Dekleva committed medical malpractice by falsely accusing him of sexual assault during the psychiatric examination and by bearing false witness against him in a subsequent written evaluation. Erwin further alleges that Dekleva intentionally inflicted emotional distress on him through these same actions.

Erwin's claims against Anna arise from the same series of events described earlier. He alleges that when Anna passed on to Erwin's DOS superiors Holden's years-old allegation of sexual assault, she committed negligence, slandered him, libeled him, intentionally inflicted emotional distress on him, and bore false witness against him.

Erwin's claims against Holden are very similar to those against Anna. He alleges that Holden falsely accused him of sexual assault when they were in the Peace Corps and that in doing so she committed negligence, intentionally inflicted emotional distress on him, and bore false witness against him.

The government, acting pursuant to a provision of the Federal Tort Claims Act, 28 U.S.C. § 2680(h), certified that both Anna and Dekleva were acting within the scope of their federal employment when they committed the acts Erwin alleged. The government therefore substituted

3

the United States as defendant for each of them.[1]  The government has not substituted itself as defendant for Holden, stating that it cannot yet tell, based upon Erwin's complaint, whether it would be appropriate to do so.

The present suits are not the first Erwin has filed against Anna and Dekleva.  In Case No. 06 C 5180, Erwin sued Anna, the DOS itself, and other DOS employees, requesting judicial review of the Foreign Service Grievance Board's rejection of a claim relating to this same series of events.  Judge Grady dismissed that case, pursuant to 28 U.S.C. 1915(e)(2)(B)(ii), because the only administrative order from which Erwin filed a timely appeal was unreviewable as a matter of law.  Erwin did not appeal the dismissal.

In Case No. 06 C 5643, Erwin sued Anna, Dekleva, the DOS, and another employee for negligence, slander, libel, intentional infliction of emotional distress, and bearing false witness.  These claims arose from the same series of events in 2002 described above.  There, too, the government substituted itself as defendant for Anna and Dekleva, among others.  Judge Lefkow initially dismissed Erwin's complaint for lack of subject matter jurisdiction, granting him leave to file an amended complaint, and after he did so, dismissed his suit *sua sponte* for lack of subject matter jurisdiction on the ground that it was frivolous as a matter of law.  Erwin did not appeal this dismissal either.

In light of the earlier suits, the government moved to dismiss the present cases for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing principally that the doctrine of claim preclusion bars the suits.  The Court denied the

---

[1]   For purposes of clarity, however, this opinion will refer to the individuals named as defendants in Erwin's suits.

government's motion, noting that claim preclusion is an affirmative defense that does not address the Court's jurisdiction to hear a case, and it converted the government's motion to a motion for summary judgment. The Court then gave Erwin an additional opportunity to submit evidence in opposition to the motion. For the reasons stated below, the Court grants summary judgment in favor of defendant United States in both cases but denies summary judgment as to defendant Holden.

## DISCUSSION

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002).

The doctrine of claim preclusion, or res judicata, bars the relitigation of claims that were or could have been asserted in an earlier proceeding. *Levinson v. United States*, 969 F.2d 260, 262 (7th Cir. 1992). It applies when there is "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *D & K Props. Crystal Lake v. Mut. Life Ins. Co. of N.Y.*, 112 F.3d 257, 259 (7th Cir. 1997).

Because the analysis of the third element of claim preclusion will be similar for the claims against defendant Anna and defendant Dekleva, the Court will begin there. For the purposes of claim preclusion analysis, "[u]nless the court in its order for dismissal otherwise

5

specifies, a dismissal . . . other than [one] for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Fed. R. Civ. P. 41(b). "The test for finality is . . . whether the district court is finished with the case." *Hill v. Potter*, 352 F.3d 1142, 1144 (7th Cir. 2003). The language that the court uses in its dismissal is significant, because "unlike the dismissal of a complaint, which can ordinarily be amended, the 'dismissal of the entire action ends the litigation.'" *Am. Nat. Bank & Trust Co. of Chi. v. Equitable Life Assurance Soc'y of the U.S.*, 406 F.3d 867, 874–75 (7th Cir. 2005) (quoting *Paganis v. Blonstein*, 3 F.3d 1067, 1070 (7th Cir. 1993)). Judge Grady dismissed Erwin's suit naming Anna as a defendant, Case No. 06 C 5180, under 28 U.S.C. § 1915(e)(2)(B), on the ground that Erwin had failed to state a claim on which relief may be granted. In his order, Judge Grady wrote that the "case," not merely the complaint, was dismissed. *See* Case No. 06 C 5180, Order of Oct. 10, 2006. When Erwin failed to appeal the dismissal, therefore, Judge Grady's ruling amounted to a final judgment on the merits as to defendant Anna. *See Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006).

After Erwin submitted an amended complaint in his second suit, Case No. 06 C 5643, in which he named both Anna and Dekleva as defendants, Judge Lefkow dismissed his entire case. Judge Lefkow observed that Erwin was trying to avoid the effect of the dismissal of his first suit by filing a new suit alleging different claims based on the same facts. The court found Erwin's complaint frivolous as a matter of law, basing its decision in part on the applicability of claim preclusion and also stating that the complaint presented "no set of facts that could entitle the plaintiff to relief." *See* Case No. 06 C 5643, Order of Jan. 26, 2007.

"The dismissal of a suit on the ground that suit is frivolous is a form of jurisdictional

6

dismissal" that may appear to fall outside the realm of Rule 41(b). *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999). Where, however, the dismissal is "intimately related to the merits," it still has considerable preclusive effect, because it bars "relitigation of the ground of that dismissal." *Id.* at 1063. The court in Case No. 06 C 5643 held that it lacked subject matter jurisdiction for several reasons, including claim preclusion, statute of limitations problems, Erwin's failure to demonstrate that he had complied with and exhausted appropriate administrative procedures, and failure to demonstrate diversity of citizenship.[2] Dismissals for want of subject matter jurisdiction "are preclusive with respect to the jurisdictional ruling . . . as otherwise the plaintiff would be free to refile the identical case in the same court." *Hill*, 352 F.3d at 1146–47. As to defendants Anna and Dekleva, therefore, the dismissal in Case No. 06 C 5643 precludes Erwin from relitigating the issues that Judge Lefkow decided.

As to defendant Anna, the first element of the claim preclusion analysis, identity of parties, is easily met; Erwin named Anna as a defendant in each of his previous two suits.

The second part of the analysis, identity of the causes of action, is also satisfied. Two claims are considered one under the doctrine of claim preclusion if they are "based on the same, or nearly the same, factual allegations." *Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (quoting *Herrmann v. Cencom Cable Assocs., Inc.*, 999 F.2d 223, 226 (7th Cir. 1993)). The present suit against Anna, like the previous two that Erwin has filed, stems from the circumstances surrounding the DOS investigation of Erwin in 2002, including Anna's complaint against him and her alleged relaying of Holden's earlier accusation against him. The present

---

[2] It is somewhat questionable whether certain of these grounds actually implicated subject matter jurisdiction, but that is beside the point for present purposes.

7

complaint is also almost a verbatim copy of the one Erwin filed in Case No. 06 C 5643. This time, however, Erwin has inserted Anna's name into the paragraphs on negligent conduct, intentional infliction of emotional distress, and bearing false witness, whereas in the earlier case, her name appeared only in the paragraph involving slander.

If two claims arise out of the same transaction, then whether or not the later claims "were actually raised in the earlier lawsuit, they may not be asserted in the second or subsequent proceeding." *Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). Put another way, the fact that Erwin alleged in Case No. 06 C 5643 only that Anna's actions constituted slander does not permit him now to allege that those same actions also constituted negligent conduct, intentional infliction of emotional distress, and bearing false witness. Because the claims against Anna in all three complaints derive from the same alleged conduct, the second factor of the claim preclusion analysis is satisfied and the present claims against Anna are barred.

Claim preclusion also bars Erwin's current claims against Dekleva. Identity of parties clearly exists; Erwin named Dekleva as a defendant in Case No. 06 C 5643.

Further, there is identity of the causes of action between Case No. 06 C 5643 and Erwin's current suit against Dekleva, Case No. 06 C 5868. In the earlier case, Erwin sued Dekleva for negligent conduct, slander, libel, intentional infliction of emotional distress, and bearing false witness. This time, Erwin has dropped the first three causes of action and replaced them with a charge of medical malpractice. He has duplicated the allegations of intentional infliction of emotional distress and bearing false witness that appeared in his first suit.

Erwin contends that because he did not previously sue Dekleva for medical malpractice,

8

the present suit cannot be barred. However, a claim "has 'identity' with a previously litigated matter for the purposes of claim preclusion if it emerges from the same 'core of operative facts' as that earlier action." *Brzostowski v. Laidlaw*, 49 F.3d 337, 338–39 (7th Cir. 1995) (quoting *Colonial Penn Life Ins. Co. v. Hallmark Ins. Admin., Inc.*, 31 F.3d 445, 447 (7th Cir. 1994)). Dekleva's psychiatric evaluation of Erwin and his subsequent written report of the examination constitute the core of operative facts giving rise to both the present medical malpractice claim and the prior claims for claims for negligence, libel, slander, intentional infliction of emotional distress, and bearing false witness. There is, therefore, identity of the causes of action in Erwin's current complaint against Dekleva and his earlier complaint.[3] Because the court in Case No. 06 C 5643 held that it lacked jurisdiction over Erwin's first complaint against Dekleva, and because all of the problems identified in that case are still present in this one, Erwin's claims against Dekleva are barred. As the Court has previously indicated, *see supra* at 7 n.2, it is less than clear that each of the grounds for dismissal that Judge Lefkow identified was truly "jurisdictional," and a legitimate argument could be made that *sua sponte* dismissal was inappropriate. But the remedy for any such errors was to appeal from Judge Lefkow's decision, not to file a fresh lawsuit.

Because this is the first time Erwin has named Holden as a defendant, his claims against her require a different analysis. The government contends that the Court should dismiss these

---

[3] Erwin argues that the Court should find that the claims he is asserting against defendant Dekleva do not have identity with the earlier claims he asserted against Dekleva because Erwin was proceeding *pro se* at the time he filed both complaints; he now has the assistance of counsel. However, "the rule of res judicata is not suspended for litigants merely because they proceed without legal assistance." *Okoro v. Bohman*, 164 F.3d 1059, 1063 (7th Cir. 1999).

9

claims as well, arguing that Erwin's failure to name her in his earlier suits should not save him from the effects of claim preclusion. Party preclusion, however, does not follow from claim preclusion. *See Taylor-Holmes v. Cook County Public Guardian*, ___ F.3d ___, 2007 WL 2753327, at *3 (7th Cir. Sept. 24, 2007) ("[T]he fact that the plaintiff has filed similar suits against other defendants is not a compelling reason for dismissing the plaintiff's only suit against the defendant in this case."). Claim preclusion does not apply when a plaintiff brings suit against a new defendant who is not in privity with any former defendants, even if that new defendant was allegedly responsible for the same harm as previous defendants. *See* 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4407 (2007) ("A single plaintiff likewise has as many causes of action as there are defendants to pursue, again subject to the constraint that claim preclusion may be invoked by a person in 'privity' with a former defendant . . . ."). As Erwin notes, he has never previously named Holden as a defendant in any of his previous claims. Nor is she in privity with any of the defendants in Erwin's first two cases, which Judges Grady and Lefkow dismissed. Erwin's present claims against her are therefore not barred by claim preclusion.

Erwin's claims against Holden may well fail on other grounds. For example, Holden's allegedly tortious behavior—telling a Peace Corps supervisor that Erwin had sexually assaulted her—apparently occurred around a decade ago. For this reason, there is a good chance that Erwin's claims against her are time-barred. However, although the government has made clear that it may substitute itself as defendant for Holden once it is able to determine whether that would be appropriate, it has not yet done so. Further, it is unclear whether Holden has been served with summons. For these reasons, the Court will reserve judgment on these and any other

issues regarding the viability of Erwin's claims against Holden.

## CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of the United States in Case No. 06 C 5695 and Case No. 06 C 5868. The Clerk is directed to enter judgment in favor of the United States in Case No. 06 C 5868. Case No. 06 C 5695 remains pending as to defendant Holden. That case is set for a status hearing on November 29, 2007 at 9:30 a.m. to address the issue of service of summons upon Holden.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 7, 2007